IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-507-FL-BM

| JANE DOE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER and** |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| WAKEMED CHILDREN'S HOSPITAL, | ) |
| Defendant. | ) |

This *pro se* case is before the court on the motion by plaintiff Jane Doe ("plaintiff" or "Ms. Doe") to proceed *in forma pauperis* [D.E. 2] pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The court finds that plaintiff has demonstrated appropriate evidence of her inability to pay the required court costs, and the application to proceed *in forma pauperis* will be ALLOWED. However, based on the court's frivolity review and for the reasons stated below, the undersigned RECOMMENDS that plaintiff's complaint [D.E. 1] be DISMISSED, and that any claims asserted on behalf of plaintiff's daughter be DISMISSED WITHOUT PREJUDICE.

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The court has reviewed plaintiff's application and finds that she has adequately demonstrated her inability to prepay the required court costs. Accordingly, plaintiff's motion to proceed *in forma pauperis* [D.E. 2] is therefore ALLOWED.

# MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

## I. PLAINTIFF'S CLAIMS

Plaintiff's factual allegations in their entirety read as follows:

I, JANE DOE, admitted My daughter to WAKEMED Children's Hospital on the day of September 18, 2021. Upon admittance to the hospital, during the duration of her stay, medical staff had blatantly neglected her by failure of proper and necessary treatment of her injuries. Upon occasion of her injuries worsening, medical staff made many predeterminations; although they had refused to continue proper treatment, thus making her already dire condition(s) gradually worsen. I adamantly stated to medical staff on multiple occasions that her condition was only worsening due to neglect.

[D.E. 1] at 4.

Plaintiff alleges that this court has federal question jurisdiction over her claims pursuant to 51 U.S.C. § 20137; 38 U.S.C. § 7316; and 42 U.S.C. § 11131. *See* [D.E. 1] at 3.

Plaintiff seeks the following relief: "[p]er the Provision(2) of USC all relief(s) necessary for all liable parties. 1B on behalf of WAKEMED CHILDREN'S HOSPITAL CAMPUS. $500.000.00 for mental anguish. Any other lawful provisions to in which I may be entitled to per provision of Law. Jury Trial." *See* [D.E. 1] at 4.

## II. APPLICABLE LEGAL STANDARDS FOR FRIVOLITY REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (providing standard for frivolity review). A case is frivolous if "it lacks an arguable basis either

in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, the court holds a *pro se* plaintiff's pleadings to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton*, 504 U.S. at 32. The court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)) (alterations in original) (internal quotation marks omitted).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter

jurisdiction at the outset of the litigation is often the most efficient procedure."); *Hill v. Se. Reg'l Med. Ctr.,* No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019), *mem. & recomm. adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless jurisdiction is affirmatively demonstrated. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

For the reasons discussed below, it is recommended that plaintiff's complaint be dismissed because (i) plaintiff, as a non-attorney parent, seeks to litigate the claims of her minor child, *pro se*, in federal court; (ii) this court does not have jurisdiction over state law medical malpractice claims; and (iii) plaintiff has failed to state a claim upon which relief may be granted.

**A.  Inability to bring *pro se* claims on behalf of another party**

As an initial matter, plaintiff appears to bring claims on behalf of her daughter. *See* [D.E. 1] at 4 (plaintiff discussing with respect to her daughter, "her stay," "medical staff . . . blatantly neglect[ing] her," "her injuries," "her already dire condition(s) gradually worsen[ing]").

An individual has a right to conduct a case *pro se* in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."). However, as "[a] nonlawyer[, plaintiff cannot] handle a case on behalf of anyone except [her]self." *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 245 (4th Cir. 2020) (quotation omitted); *see also Myers v. Louden Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court.")[1] (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*per curiam*)); Local Civil Rule 5.2(b)(2) ("Except as otherwise permitted by law, no self-represented party may appear on behalf of another self-represented party.").

Accordingly, plaintiff's complaint [D.E. 1] cannot proceed in this posture. Accordingly, the undersigned RECOMMENDS DISMISSAL WITHOUT PREJUDICE of claims asserted on behalf of plaintiff's daughter.

However, to the extent that plaintiff intended to bring any claims on her own behalf (*see* [D.E. 1] at 4 (seeking damages for "mental anguish")) they would fail for the following reasons.

**B.        No diversity jurisdiction**

Plaintiff does not specifically allege diversity jurisdiction in her claim. *See* [D.E. 1] at 3 (selecting federal question, but not diversity, as the basis of this court's subject matter jurisdiction). Nonetheless, the court has reviewed the complaint for the same and determined plaintiff does not plead facts supporting diversity jurisdiction, in that she does not allege that the parties have diverse citizenship. *See* [D.E. 1-1] (indicating that plaintiff and defendant are both citizens of North Carolina); *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020)

---

[1] The exception noted in *Myers* relates to a non-attorney parent's ability to represent minor children *pro se* in appeals from the denial of Social Security Income benefits. That exception does not apply here. *See* 418 F.3d at 401 n.7.

(noting that there must be "complete" diversity between parties, which "means that no plaintiff may share a citizenship with any defendant.") (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

C.     **No viable federal statutes cited**

To establish federal question jurisdiction a plaintiff must show that her claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. While the factual allegations in plaintiff's complaint provide limited details, she appears to attempt to assert a medical malpractice claim on behalf of her daughter. *See* [D.E. 1] at 4 (alleging "blatant[] neglect[] by failure of proper and necessary treatment of [plaintiff's daughter's] injuries" as well as "refus[al] to continue proper treatment, thus making her already dire condition(s) gradually worsen."). Similarly, each of the federal statutes that plaintiff cites in her complaint relate to malpractice in some way. *See* 51 U.S.C. § 20137 (Malpractice and negligence suits against United States."); 38 U.S.C. § 7316 (Malpractice and negligence suits: defense by United States); 42 U.S.C. § 11131 (Requiring reports on medical malpractice payments).

Plaintiff's complaint fails to establish federal question jurisdiction as she does not plead any facts indicating that her medical malpractice claim arises under federal law as opposed to North Carolina state law. *See* [D.E. 1] at 4; *see also Bell v. HCR Manor Care Facility of Winter Park*, No. 610CV523ORL22KRS, 2010 WL 11519394, at *3 (M.D. Fla. Aug. 6, 2010) ("[Plaintiff] . . . has not articulated any reason for the Court to consider [plaintiff's wrongful death claim against a nursing home] anything but a medical malpractice tort claim."); *Morris v. UT Sw. Med. Ctr. Hosp. Dallas*, No. 3:15-CV-0305-B-BK, 2015 WL 13735860, at *4 (N.D. Tex. Sept. 23, 2015), *report and recommendation adopted*, No. 3:15-CV-0305-B-BK, 2015 WL 7184878 (N.D. Tex. Nov. 16, 2015) ("[T]he bare allegations of medical mistakes, negligence, and medical malpractice

6

. . . do not rise to the level of a constitutional violation.").

As an initial matter, WakeMed Children's Hospital is a member of the WakeMed system, whose official website represents it to be a private healthcare system. *See* WakeMed – About Us, https://www.wakemed.org/about-us (last visited October 16, 2024) (listing WakeMed Children's Hospital as one of the WakeMed system hospitals); WakeMed By the Numbers, https://perma.cc/PWB7-GJY8 (last visited October 16, 2024) ("WakeMed is a 1003-bed *private*, not-for-profit health care system based in Raleigh, North Carolina") (emphasis added). Moreover, plaintiff has not alleged any basis upon which WakeMed Children's Hospital should be considered a federal actor or state actor. *See Radefeld v. WakeMed*, No. 5:23-CV-379-M, 2023 WL 6368332, at *3 (E.D.N.C. Sept. 6, 2023), *report and recommendation adopted*, No. 5:23-CV-00379-M, 2023 WL 6368318 (E.D.N.C. Sept. 28, 2023) ("WakeMed is a private corporation and there are no allegations that would support treating WakeMed as a state actor."); *Hudson v. State Farm Ins. Co.*, No. 5:17-CV-516-FL, 2018 WL 10716543, at *6 (E.D.N.C. July 9, 2018), *aff'd*, 774 F. App'x 817 (4th Cir. 2019), and *aff'd*, 774 F. App'x 817 (4th Cir. 2019) ("[P]laintiff alleges no facts suggesting that any action pertaining to medical care provided or withheld by WakeMed may be attributed to a state."); *Dickens v. WakeMed Health & Hosps.*, No. 5:18-CV-0001-FL, 2018 WL 3586312, at *2 (E.D.N.C. July 26, 2018), *aff'd sub nom. Dickens v. WakeMed Health & Hosps., Inc.*, 746 F. App'x 232 (4th Cir. 2018) ("To the extent plaintiff alleges that Wakemed qualifies as a state actor because its staff made a report to North Carolina's Department of Social Services ('DSS'), such allegations are also insufficient to subject defendant to liability under § 1983."); *McCall v. Cape Fear Valley Med. Ctr.*, No. 5:23-CV-00228-BO-RN, 2023 WL 4062835, at *2 (E.D.N.C. May 23, 2023), *report and recommendation adopted*, No. 5:23-CV-228-BO-RN, 2023 WL 4492427 (E.D.N.C. July 12, 2023) (citing *Modaber v. Culpepper Mem'l Hosp., Inc.*, 674 F.2d

7

1023, 1026 (4th Cir. 1982)) ("[P]rivate hospitals are generally not state actors.").

### 1. Failure to state a claim under 51 U.S.C. § 20137 or 38 U.S.C. § 7316

Two of the statutes that plaintiff cites deal with medical malpractice claims when the United States is the defendant. *See* 51 U.S.C. § 20137; 38 U.S.C. § 7316. Plaintiff has not alleged any basis under which any potential liability of WakeMed Children's Hospital could be attributed to the United States. Accordingly, the undersigned finds that plaintiff fails to state a claim upon which relief can be granted under 51 U.S.C. § 20137 and 38 U.S.C. § 7316.[2]

### 2. Failure to state a claim under 42 U.S.C. § 11131

The third statute plaintiff cites provides reporting requirements for medical malpractice payments. 42 U.S.C. § 11131. Even in the light most favorable to plaintiff, she has not alleged any facts indicating that defendant made any medical malpractice payments or that it failed to comply with any reporting requirements. [D.E. 1] at 4. Accordingly, the undersigned finds that plaintiff has failed to state a claim upon which relief can be granted with respect to 42 U.S.C. § 11131.

Accordingly, to the extent that plaintiff intended to bring any of her claims on her own behalf, the undersigned RECOMMENDS that all such claims be DISMISSED.

### IV. CONCLUSION

For the reasons set forth above, the undersigned RECOMMENDS that plaintiff's complaint [D.E. 1] be DISMISSED and that any claims asserted on behalf of plaintiff's daughter be DISMISSED WITHOUT PREJUDICE.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be

---

[2] Similarly, it would be meritless for the undersigned to construe plaintiff's claims as arising under 42 U.S.C. § 1983 as there are no allegations indicating that WakeMed Children's Hospital was acting under color of state law.

8

served on plaintiff or, if represented, her counsel. Plaintiff shall have until **October 31, 2024**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 17th day of October, 2024.

_____
Brian S. Meyers
United States Magistrate Judge